| United States Bankruptcy Court | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle)<br>Nelms, William Brad | Name of Joint Debtor (Spouse)(Last, First, Middle)<br>Nelms, Cecilia Yolanda |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names)<br>aka Brad Nelms | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names)<br>aka Cece Nelms<br>aka Cecilia Cassidy |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (TIN) No./Complete EIN (if more than one, state all)<br>7153 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (TIN) No./Complete EIN (if more than one, state all)<br>0664 |
| Street Address of Debtor (No. and Street, City, and State)<br>669 Adagio Wy<br>San Jose CA<br>ZIPCODE 95111 | Street Address of Joint Debtor (No. and Street, City, and State)<br>669 Adagio Wy<br>San Jose CA<br>ZIPCODE 95111 |
| County of Residence or of the Principal Place of Business<br>Santa Clara | County of Residence or of the Principal Place of Business |
| Mailing Address of Debtor (if different from street address)<br>same as above<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address)<br>same as above<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above)<br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box)

☒ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☒ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts

**Filing Fee** (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

THIS SPACE IS FOR COURT USE ONLY

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | $More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | $More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>William and Cecilia Nelms |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location<br>Where Filed: none | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor:<br>none | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X *Norma Hammes* 7-20-12<br>Signature of Attorney for Debtor(s)      (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>William and Cecilia Nelms |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _William Bradford Nelms_
  Signature of Debtor         William Bradford Nelms

X _Cecilia Yolanda Nelms_
  Signature of Joint Debtor    Cecilia Yolanda Nelms
                               (Not Applicable - Represented by Attorney)
  Telephone Number (if not represented by attorney)
  _7/31/12_
  Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

  _____
  (Printed Name of Foreign Representative)

  _____
  Date

### Signature of Attorney*

X _Norma Hammes_
  Signature of Attorney for Debtor(s)
  Norma Hammes
  Printed Name of Attorney for Debtor(s)
  GOLD and HAMMES, Attorneys
  Firm Name
  1570 the Alameda, Suite 223
  Address
  San Jose, CA 95126

  408-297-8750
  Telephone Number
  _7-30-12_
  Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual

  _____
  Printed Name of Authorized Individual

  _____
  Title of Authorized Individual

  _____
  Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

  _____
  Printed Name and title, if any, of Bankruptcy Petition Preparer

  _____
  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

  _____
  Address

  _____

X _____

  _____
  Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# United States Bankruptcy Court

## Northern District of California

In re   William Bradford Nelms
and
Cecilia Yolanda Nelms

Case No.

Chapter 13

## SUMMARY  OF  SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I,
and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all
claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical
Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 290,000 | | |
| B - Personal Property | Yes | 3 | 22,260 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 392,400 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 30,550 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 39,373 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 9,271 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 1 | | | 8,422 |
| TOTAL | | 13 | 312,260 | 462,323 | |

# United States Bankruptcy Court

## Northern District of California

In re  William Bradford Nelms
and
Cecilia Yolanda Nelms

Case No.

Chapter 13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 30,550 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0 |
| Student Loan Obligations (from Schedule F) | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0 |
| **TOTAL** | 30,550 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 9,271 |
| Average Expenses (from Schedule J, Line 18) | 8,422 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 11,656 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | 22,290 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 8,260 |
| 4. Total from Schedule F | | 39,373 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 47,633 |

In re   William Bradford Nelms and Cecilia Yolanda Nelms
                    Debtor

Case No. _____

(If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Condominium<br>1061 Alta Mira Dr #A<br>Santa Clara CA | Sole owner | Wife's separate property | 290,000 | 378,400 |
| | | Total: | 290,000 | |

In re William Bradford Nelms and Cecilia Yolanda Nelms          Case No. _____
                              Debtor                                                               (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | 50 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Santa Clara Co Fed Credit Union | | 10 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods | | 1,200 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Misc. personal effects | | 150 |
| 6. Wearing apparel. | | Clothing | | 50 |
| 7. Furs and jewelry. | | Jewelry | | 750 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Bicycles and sporting equipment | | 350 |
| 9. Insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Education IRAs as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

Schedule B. Page 1 of 3 pages

In re  William Bradford Nelms and Cecilia Yolanda Nelms
                Debtor

Case No. _____
             (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | QDRO retirement account | | Unknown |
| | | United Automotive Machinists Union pensions | | Unknown |
| | | Retirement annuities | | Unknown |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Partnerships or joint ventures. Itemize. | X | | | |
| 15. Bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

Schedule B. Page 2 of 3 pages

In re   William Bradford Nelms and Cecilia Yolanda Nelms          Case No. _____
                        Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Volkswagen | | 14,000 |
| | | 2002 Isuzu Rodeo | | 2,500 |
| | | 1999 Dodge Dakota pickup - very poor | | 200 |
| | | 2004 Lincoln Town Car | | 3,000 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

Schedule B.  Page 3 of 3 pages

Total:   $          22,260

In re  <u>William Bradford Nelms and Cecilia Yolanda Nelms</u>       Case No. <u>                </u>
                        Debtor                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

The state under which the Debtors' exemptions are determined:  California     ☐ Homestead exemption claimed over $146,450.
If exemption state is not California, applicability to non-residents?  Exemption state is California.

Debtors elect the exemptions to which the Debtors are entitled under:
☐ Exemptions provided under 11 U.S.C. §522(d).  (Federal Exemptions)
☒ 11 U.S.C. §522(b)(3):  Exemptions available under applicable federal laws, state or local laws and the Debtors' interest as a tenant by the entirety or joint tenancy to the extent the interest is exempt from process under applicable nonbankruptcy law. (State Exemptions)
    ☒ C.C.P. §703.140(b).  (Modified Federal Exemptions under California law)
    ☐ C.C.P. §704.  (California Exemptions)
    Applicability of C.C.P. §703.140(a)(2):  Not applicable

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT, VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Condominium<br>1061 Alta Mira Dr #A<br>Santa Clara CA | (1) & (5) | 100 | 290,000 |
| Cash | (1) & (5) | 50 | 50 |
| Santa Clara Co Fed Credit Union | (1) & (5) | 10 | 10 |
| Household Goods | (3) | 1,200 | 1,200 |
| Misc. personal effects | (3) | 150 | 150 |
| Clothing | (3) | 50 | 50 |
| Jewelry | (4) | 750 | 750 |
| Bicycles and sporting equipment | (3) | 350 | 350 |
| QDRO retirement account | (10)(E) | Unlimited | Unknown |
| United Automotive Machinists Union pensions | (10)(E) | Unlimited | Unknown |
| Retirement annuities | (10)(E) | Unlimited | Unknown |
| 2007 Volkswagen | (1) & (5) | 0 | 14,000 |
| 2002 Isuzu Rodeo | (1) & (5) | 2,500 | 2,500 |
| 1999 Dodge Dakota pickup - very poor | (1) & (5) | 200 | 200 |
| 2004 Lincoln Town Car | (2) | 3,000 | 3,000 |

In re: William Bradford Nelms
      Cecilia Yolanda Nelms

Case No.

## SCHEDULE D -- CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation page provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column.If the claim is contingent, place an "X" in the column labeled "Contingent" If the claim is unliquidated, place an "X" in the column labeled "Unliquidated" If the claim is disputed, place an "X" in the column labeled "Disputed" (You may need to place an "X" in more than one of these three columns.)Report the total of all claims listed on this schedule in the box labeled "Total" on the last page of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

Number of continuation pages attached: 0

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion if Any |
|---|---|---|---|---|---|---|---|---|
| Bank of America<br>PO Box 5170<br>Simi Valley CA  93062<br><br>1368-0941-8 | | | Secd by 1061 Alta Mira Dr #A, Santa Clara<br><br>Value: 290000 | | | | 378400 | |
| Santa Clara Co Fed Credit Union<br>852 N First St<br>San Jose CA  95112<br><br>1547-681 | X | | Secured by 2007 Volkswagen<br><br>Value: 14000 | | | | 14000 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Subtotal (Total of this page) | | 392400 | |
| | | | | | Total (Use only on last page) | | 392400 | (Report total also on Summary of Schedules) |

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: William Bradford Nelms
Cecilia Yolanda Nelms

Case No.

# SCHEDULE E -- CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the pages provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached pages, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column. If the claim is contingent, place an "X" in the column labeled "Contingent" If the claim is unliquidated, place an "X" in the column labeled "Unliquidated" If the claim is disputed, place an "X" in the column labeled "Disputed" (You may need to place an "X" in more than one of these three columns.) Report the total of claims listed on each page in the box labeled "Subtotal" on each page. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last page of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.    Number of continuation pages attached: 0

## TYPES OF PRIORITY CLAIMS (Check the appropriate boxes below if claims in that category are listed on this or attached pages)

Totals

0 ☐ **ADMINISTRATIVE EXPENSES.** Administrative expenses allowed under 11 U.S.C. 503(b) and any fees and charges assessed against the estate under chapter 123 of title 28. 11 U.S.C. 507(a)(2).

0 ☐ **DOMESTIC SUPPORT.** Claims for domestic support to a spouse, former spouse, or child of the debtor or a governmental unit collecting such support provided in 11 U.S.C. 507(a)(1).

0 ☐ **EXTENSIONS OF CREDIT IN AN INVOLUNTARY CASE.** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief, 11 U.S.C. 507(a)(3).

0 ☐ **WAGES, SALARIES, AND COMMISSIONS.** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives, up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4).

0 ☐ **CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS.** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(5).

0 ☐ **CERTAIN FARMERS AND FISHERMEN.** Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. 507(a)(6).

0 ☐ **DEPOSITS BY INDIVIDUALS.** Claims of individuals up to $2,225 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(7).

22290 ☒ **TAXES AND CERTAIN OTHER DEBTS OWED TO GOVERNMENTAL UNITS.** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507(a)(8).

0 ☐ **COMMITMENTS TO MAINTAIN THE CAPITAL OF AN INSURED DEPOSITORY INSTITUTION.** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. 507(a)(9).

0 ☐ **DRUNK INJURY OR DEATH.** Claims for death or personal injury resulting from the debtor's operation of motor vehicle or boat while intoxicated from using alcohol, drugs or another substance. 11 U.S.C. 507(a)(10).

* Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Type of Priority:  Taxes 11 U.S.C. 507(a)(8)

| Creditor's Name and Mailing Address including Zip Code Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| Franchise Tax Board - SPF PO Box 2952 Sacramento CA 95812 | | | 540:2009 | | | | 1550 | 1550 |
| IRS - Insolvency PO Box 7346 Philadelphia PA 19101 | | | 1040: 2009 + 2011 Also secd by real & personal assets Value: 8260 | | | | 29000 | 20740 |

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

| | | |
|---|---|---|
| Subtotal (Total of this page) | 30550 | |
| Total (Use only on last page) | 30550 | (Report total also on Summary of Schedules) |

In re: William Bradford Nelms                    Case No.
      Cecilia Yolanda Nelms

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or property of the debtor as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column. If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.          Number of continuation pages attached: 1

| Creditor's Name and Mailing Address including Zip Code. Account Number | Codebtor | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| American Express<br>PO Box 0001<br>Los Angeles CA 90096<br><br>6510-01 + 4820-05 + 9710-02 | | | | | | | 13688 |
| Bank of America<br>PO Box 15026<br>Wilmington DE 19886<br><br>5466-3200-1519 + 4313-0720-4740 | | | | | | | 13355 |
| Bank of the West<br>PO Box 4024<br>Alameda CA 94501<br><br>0150-7504-4 | | | | | | | 1378 |
| Cesar Chavez<br>3200 Payne Ave #421<br>San Jose CA 95117 | | | Re: Santa Clara Co Fed Credit Union | | | | 0 |
| Chase Bank<br>PO Box 94014<br>Palatine IL 60094<br><br>4266-8411-6483 | | | | | | | 5856 |

Subtotal (Total of this page)          34277

Total (Use only on last page)          (Report total also on Summary of Schedules)

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: William Bradford Nelms
Cecilia Yolanda Nelms

Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Page)

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| IndyMac Mtg Svcs - OneWest Bank<br>6900 Beatrice Dr<br>Kalamazoo MI 49009 | | | Re: 1305 Darryl Dr, San Jose CA | | | | 0 |
| Northstar Location Svc<br>4285 Genesee St<br>Cheektowaga NY 14225 | | | Dup. re: Chase Bank | | | | Notice Only |
| Sears<br>PO Box 688957<br>Des Moines IA 50368<br><br>5121-0797-5634 | | | | | | | 5096 |
| Zwicker + Assoc<br>PO Box 9013<br>Andover MA 01810 | | | Dup. re: American Express | | | | Notice Only |
| | | | | | | | |
| | | | | | | | |
| | | | Subtotal (Total of this page) | | | | 5096 |
| | | | Total (Use only on last page) | | | | 39373 |

(Report total also on Summary of Schedules)

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: WILLIAM BRADFORD NELMS                Case No.
       CECILIA YOLANDA NELMS

## SCHEDULE G -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒  Check this box if debtor has no executory contracts or unexpired leases.
Number of continuation pages attached: ___0___

| Name and Mailing Address Including Zip Code of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
| --- | --- |
|  |  |

In re: WILLIAM BRADFORD NELMS
        CECILIA YOLANDA NELMS

Case No.

## SCHEDULE H -- CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| Cesar Chavez<br>see debt listing | Santa Clara Co Fed Credit Union |

In re: William Bradford Nelms          Case No.
      Cecilia Yolanda Nelms

## SCHEDULE I -- CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

The marital status of the debtor(s) is: married filing jointly

### DEPENDENTS OF DEBTOR AND SPOUSE

| Name | Age | Relationship | Monthly Support | |
|------|-----|--------------|-----------------|------------------|
|      |     |              | Paid by Debtor(s) | Received by Debtor(s) |
| S-   | 21 yrs | H's son   |                 |                  |

### EMPLOYMENT

|  | Debtor | Spouse |
|------|--------|--------|
| Occupation | Car Technician | Dental Assistant |
| How long employed | 19 yrs | 12 yrs |
| Name of Employer | BMW | Hau Levine + Malmberg |
| Employer's Address | 4343 Stevens Creek Blvd | 3924 Williams Rd |
|  | San Jose CA | San Jose CA |

### INCOME: (Estimate of average or projected monthly income at time case filed)

|  | Debtor | Spouse |
|------|--------|--------|
| GROSS EMPLOYMENT INCOME |  |  |
| 1. Monthly gross wages, salary, and commissions (prorate if not paid monthly) | 7,278 | 2,776 |
| 2. Estimate monthly overtime |  |  |
| 3. SUBTOTAL | 7,278 | 2,776 |
| 4. LESS PAYROLL DEDUCTIONS |  |  |
|     a. Payroll taxes and social security | 1,364 | 477 |
|     b. Insurance | 426 |  |
|     c. Union dues |  |  |
|     d. Retirement contribution | 40 |  |
|       (Specify): |  |  |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | 1,830 | 477 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | 5,448 | 2,299 |
| OTHER SOURCES OF INCOME |  |  |
| 7. Regular income from operation of business, profession, or farm (attach detailed statement) |  |  |
| 8. Income from real property |  | 1,525 |
| 9. Interest and dividends |  |  |
| 10. Alimony, maintenance or support paid to debtor for support and for listed dependents |  |  |
| 11. Social security or government assistance |  |  |
|   (Specify) |  |  |
| 12. Pension or retirement income |  |  |
| 13. Other monthly income |  |  |
|   (Specify) |  |  |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 |  | 1,525 |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | 5,448 | 3,824 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) (Report also on Summary of Schedules) | | 9,272 |

Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.

In re: William Bradford Nelms                 Case No.
      Cecilia Yolanda Nelms

## SCHEDULE J -- CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If so, complete the second column also.

| | DEBTOR | SPOUSE (If separate) |
|---|---|---|
| 1. Mortgage payment (incl. T&I) | 1,721 | |
|       Rent | 2,150 | |
|       a. HOA | 330 | |
|       b. Property insurance (not included above) | | |
| 2. Utilities | | |
|       a. Electricity and heat | 100 | |
|       b. Water and sewer | 122 | |
|       c. Telephone | 140 | |
|       d. Pest Control | 90 | |
|            Internet Services | 35 | |
|            Cable TV | 160 | |
| 3. Home maintenance (repairs and upkeep) | 75 | |
| 4. Food and home supplies | 1,000 | |
| 5. Clothing | 175 | |
| 6. Laundry and dry cleaning | 89 | |
| 7. Medical and dental | 175 | |
| 8. Transportation (not including car payment) | 700 | |
| 9. Recreation, clubs and entertainment, | 250 | |
|       Newspapers and magazines | | |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or | | |
|       included in home mortgage payments): | | |
|       a. Homeowner's or renter's | | |
|       b. Life (term-only) | 53 | |
|       c. Health | | |
|       d. Auto | 195 | |
|       e. Other | | |
| 12. Taxes (not deducted from wages or | | |
|       included above) Specify: | | |
| | | |
| 13. Installment payments: (In chapter 11, 12 or 13 | | |
|       do not list payments included in the plan) | | |
|       a. Auto | | |
|       b. Other: | | |
|       c. Other: | | |
| 14. Alimony, maintenance, and support | | |
|       paid to others | | |
| 15. Other support (specify): | | |
|       Savings for replacement vehicles | 725 | |
| 16. Regular expenses of business, profession, or farm | | |
| 17. Other expenses (specify): Union dues (out of pocket) | 93 | |
|       Storage unit | 44 | |
| TOTAL THIS COLUMN | 8,422 | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report on Summary of Schedules) | | 8,422 |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|      a.  Average monthly income from Line 15 of Schedule I | | 9,272 |
|      b.  Average monthly expenses from Line 18 above | | 8,422 |
|      c.  Monthly net income (a. minus b.) | | 850 |

In re   William Bradford Nelms                                  Case No.
              and
           Cecilia Yolanda Nelms                                Chapter 13

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 14 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___7/31/12___                                    Signature: _____
                                                                              Debtor   William Bradford Nelms

Date ___7/31/12___                                    Signature: _____
                                                                              Joint Debtor   Cecilia Yolanda Nelms
                                                                              [if joint case, both spouses must sign.]

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,              Social Security No.
of Bankruptcy Petition Preparer                       *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____                  _____
   Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____                        Signature: _____

                                                                              _____
                                                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

In re: WILLIAM BRADFORD NELMS                                      Case No.
CECILIA YOLANDA NELMS

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS
"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor, general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

1.  Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | | SOURCE (If more than one) |
|---|---|---|---|
| 1: | This year (so far): | 50,000 (est) | |
| | Previous year: | 76,085 (est) | |
| | Next previous year: | 66,728 (est) | |
| 2: | This year (so far): | 21,219 (est) | |
| | Previous year: | 35,210 (est) | |
| | Next previous year: | 39,254 (est) | |

2.  Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

3.  Payments to creditors

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE, except required minimum payments on unsecured debts and regular installment payments on any secured debts, such as vehicle loans, house loans, or vehicle leases, or residential rent.

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 4. Suits, executions, garnishments and attachments

a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME & ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION & VALUE OF PROPERTY |
|---|---|---|
| IRS | 1-2012 | Seized $1,550 from bank acct |

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF PAYEE | PAYOR (IF NOT DEBTOR) | DATE OF PAYMENT | MONEY OR PROPERTY VALUE PAID |
|---|---|---|---|

GOLD and HAMMES, Attorneys, as disclosed in the Fee Disclosure Statement pursuant to BR 2016, filed herein. Also, nominal amount paid for required credit counseling certificate to approved agency.

| | | | |
|---|---|---|---|
| Credit Arbitrators | - | since 4-2011 | $576 monthly |

## 10. Other transfers

a.        List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b.        List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME & ADDRESS OF TRANSFEREE | RELATIONSHIP TO DEBTOR | DATE OF TRANSFER | DESCRIBE PROPERTY & VALUE RECEIVED |
|---|---|---|---|
| William Bradford Nelms Trust | living trust | 2006 | 1305 Darryl Dr, SJ - foreclosed 6-2011 |

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME & ADDRESS OF INSTITUTION | ACCT TYPE & NO. | AMOUNT OF FINAL BALANCE | DATE OF SALE OR CLOSING |
|---|---|---|---|
| Bank of the West | ckg | $10 | 1-2012 |
| Wells Fargo | ckg+svgs | $450 | 6-2012 |

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

NONE

## 15. Prior address of debtor

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1305 Darryl Dr, San Jose | same | 1997/2008--6-2011 |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Samuel Cassidy

Carole Nelms

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

NONE

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE

## 18. Nature, Location and Name of Business

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME & ADDRESS | TIN# | NATURE OF BUSINESS | BEGINNING & ENDING DATES |
|---|---|---|---|
| [no dba], at residence | - | Arts & crafts | 11-2011--1-2012 |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. 101.

NONE

Questions 19 - 25 are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.  An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.

_____  Questions 19 - 25 are inapplicable to the debtor and therefore are not included hereafter.

Case: 12-55724    Doc# 1    Filed: 07/31/12    Entered: 07/31/12 17:02:54    Page 23 of 33

## 19. Books, records and financial statements

a.  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NONE

b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NONE

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

NAME & ADDRESS
Debtors, at residence

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NONE

## 20. Inventories

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

NONE

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

NONE

## 21. Current partners, officers, directors and shareholders

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NONE

b.  If the debtor is a corporation, list all officers and directors of the corporation and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

NONE

## 22. Former partners, officers, directors and shareholders

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NONE

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NONE

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NONE

Case: 12-55724    Doc# 1    Filed: 07/31/12    Entered: 07/31/12 17:02:54    Page 24 of 33

24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NONE

25. Pension Funds.

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NONE

[If completed by an individual and spouse]
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Dated: 7/31/12 _____

WILLIAM BRADFORD NELMS

Dated: 7/31/12 _____

CECILIA YOLANDA NELMS

___0___ (#) continuation pages attached

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. 152 and 3571

GOLD and HAMMES, Attorneys 80100 & 80149
1570 The Alameda, Suite 223
San Jose, CA 95126
(408) 297-8750

Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:                                          Chapter 13

  William Bradford Nelms                   Case No.

  Cecilia Yolanda Nelms

Debtor(s) _____/            DISCLOSURE OF COMPENSATION UNDER 11
                                              U.S.C. § 329 AND BANKRUPTCY RULE 2016(b)

I certify that I am the attorney for the above-named debtor(s) and that the compensation paid or agreed to be
paid to me for services rendered or to be rendered on behalf of the debtor(s) in or in connection with a case
under Title 11 of the United States Code, such payment or agreement having been after one year before the
date of the filing of the petition, is as follows: $370 paid; $4,630 to be paid, and that the source of the
compensation paid is debtor(s)' wages, and that the source of the compensation agreed to be paid is debtor(s)'
wages and earnings paid to the Chapter 13 Trustee.

I have not agreed to share this compensation with any other person, except for the partners and associates of my firm.

Dated: _7-30-12_                          _Norma Hammes_
                                          Attorney for debtor(s), Norma Hammes

(408)297-8750  #80100 & #80149
James J. Gold
Norma L. Hammes
GOLD and HAMMES, Attorneys
1570 The Alameda #223
San Jose CA 95126

Attorneys for Debtor(s)


# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA


In re:                                             Chapter 13
WILLIAM BRADFORD NELMS                             Case No.
CECILIA YOLANDA NELMS
                                                   CREDITOR MATRIX COVER SHEET

Debtor(s)
_____/


    I, Norma L. Hammes, the debtors' attorney herein declare that the attached CREDITOR MAILING MATRIX, consisting of _____2_____ sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in the debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.


Dated: 7-30-12

                                                           _Norma Hammes_
                                                         Norma L. Hammes
                                                         GOLD and HAMMES, Attorneys

Bank of America
PO Box 5170
Simi Valley CA  93062


Santa Clara Co Fed Credit Union
852 N First St
San Jose CA  95112


Franchise Tax Board - SPF
PO Box 2952
Sacramento CA 95812


IRS - Insolvency
PO Box 7346
Philadelphia PA 19101


American Express
PO Box 0001
Los Angeles CA 90096


Bank of America
PO Box 15026
Wilmington DE 19886


Bank of the West
PO Box 4024
Alameda CA 94501


Cesar Chavez
3200 Payne Ave #421
San Jose CA 95117

Chase Bank
PO Box 94014
Palatine IL 60094


IndyMac Mtg Svcs - OneWest Bank
6900 Beatrice Dr
Kalamazoo MI 49009


Northstar Location Svc
4285 Genesee St
Cheektowaga NY 14225


Sears
PO Box 688957
Des Moines IA 50368


Zwicker + Assoc
PO Box 9013
Andover MA 01810

| Form 22C   (Chapter 13) (01/08) | According to the calculations required by this statement: (Check as directed on Lines 17 and 23 of this statement.) | |
|---|---|---|
| In re:   William Bradford Nelms | | ☐ The applicable commitment period is 3 years. |
| Cecilia Yolanda Nelms | | ☒ The applicable commitment period is 5 years. |
| Case No. | | ☒ Disposable income is determined under Sec. 1325(b)(3). |
| | | ☐ Disposable income is not determined under Sec. 1325(b)(3) |

# STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
### FOR USE IN CHAPTER 13 - AMFI

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

## Part I.   Report of Income

1.   Marital/filing status.  Check the box that applies and complete the balance of this part of this statement as directed.
    a.  ☐ Unmarried.  Complete only Column A ("Debtor's Income") for Lines 2-10.
    b.  ☒ Married.  Complete only Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.

All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before filing.  If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line.

| | | | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|---|
| 2. | Gross wages, salary, tips, bonuses, overtime, commissions. | | | 7,307 | 2,824 |
| 3. | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference on Line 3. Do not enter less than zero.  Do not include Line b amounts in Part IV. | a. Gross receipts | 0 | 0 | 0 |
| | | b. Ordinary necessary expenses | 0 | 0 | 0 |
| | | c. Business income | | 0 | 0 |
| 4. | Rent or other real property income.   Subtract Line b from Line a and enter the difference on Line 4. Do not enter less than zero.  Do not include Line b amounts in Part IV. | a. Gross receipts | 1,525 | 0 | 1,525 |
| | | b. Ordinary necessary expenses | 0 | 0 | 0 |
| | | c. Rental income | | 0 | 1,525 |
| 5. | Interest, dividends, and royalties. | | | 0 | 0 |
| 6. | Pension and retirement income. | | | 0 | 0 |
| 7. | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.  Do not include contributions from the debtor's spouse. | | | 0 | 0 |
| 8. | Unemployment compensation.   Enter the amount in Column A and, if applicable, in Column B.  However if you contend that such income was a benefit under the Social Security Act, do not list in Column A or B, but as indicated adjacent hereto. | Debtor claimed under SSA | 0 | | |
| | | Spouse claimed under SSA | 0 | | |
| | | Total not under SSA | | 0 | 0 |
| 9. | Income from all other sources.   Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | | 0 | 0 |
| | | | | 0 | 0 |
| | | Total | | 0 | 0 |
| 10. | Subtotal.   Add Lines 2 through 9 in Columns A and B separately.  Enter the totals. | | | 7,307 | 4,349 |
| 11. | Total.   If Column B has been completed, add Columns A and B of Line 10. Enter here. | | | 11,656 | |

## Part II.   Calculation of Sec. 1325(b)(4) Commitment Period

| | | | | |
|---|---|---|---|---|
| 12. | Enter the amount from Line 11. | | | 11,656 |
| 13. | Marital adjustment.   If you are married, not filing with your spouse, and if the Commitment Period [Sec 1325(b)(4)] does not require your spouse's income, enter the amount not contributed to the household. | a. | | |
| | | b. | | |
| | | c. | | |
| 14. | Subtract Line 13 from Line 12 and enter the result. | | | 0 |
| 15. | Annualized Current Monthly Income for Sec. 1325(b)(4).   Multiply the amount from Line 14 by 12 and enter here. | | | 139,872 |
| 16. | Applicable Median Family Income. | a. Debtor's state of residence | California | |
| | | b. Debtor's household size | 3 | |
| | | Applicable Median Family Income | | 68,135 |
| 17. | Application of Sec. 1325(b)(4).   Check as applicable and proceed as directed. | ☐ The amount on Line 15 is less than the amount on Line 16. Check "The applicable commitment period is 3 years" at the top of this page and complete Part VII.  Do not complete parts III - VI. | | |
| | | ☒ The amount on Line 15 is not less than the amount on Line 16. Check "The applicable commitment period is 5 years" at the top of this page and continue with Part III of this statement. | | |

Case: 12-55724   Doc# 1   Filed: 07/31/12   Entered: 07/31/12 17:02:54   Page 30 of 33

## Part III. Application of Sec. 1325(b)(3) for Determining Disposable Income

| 18. | Enter the amount from Line 11. | | | 11,656 |
|---|---|---|---|---|
| 19. | Marital adjustment. If you are married, not filing with your spouse, and your Disposable Income does not include your spouse's income, enter the amount not contributed to the household. | a. | | |
| | | b. | | |
| | | c. | | 0 |
| 20. | Current monthly income for Sec. 1325(b)(3). Subtract Line 19 from Line 18 and enter the result. | | | 11,656 |
| 21. | Annualized current monthly income for Sec 1325(b)(3). Multiply Line 20 by 12 and enter here. | | | 139,872 |
| 22. | Applicable median family income. Enter the amount from Line 16. | | | 68,135 |
| 23. | Application of Sec. 1325(b)(3). Check as applicable and proceed as directed. | [X] The amount on Line 21 is more than the amount on Line 22. Check "Disposable income is determined under Sec. 1325(b)(3)" at the top of page 1 and complete the remaining parts of this statement. | | |
| | | [ ] The amount on Line 21 is not more than the amount on Line 22. Check "Disposable income is not determined under Sec. 1325(b)(3)" at the top of page 1 and complete Part VII. Do not complete Parts IV - VI. | | |

## Part IV. Calculations of Deductions Allowed Under Sec. 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A. | National Standards: food, clothing, household supplies, personal care, and miscellaneous. Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. | | | | 1,227 |
|---|---|---|---|---|---|
| 24B. | National Standards: healthcare. | | | Add c1 and c2: | 180 |
| | Household members under 65 years of age | | Household members 65 years of age or older | | |
| | a1. Allowance per member | 60 | a2. Allowance per member | 144 | |
| | b1. Number of members | 3 | b2. Number of members | 0 | |
| | c1. Subtotal | 180 | c2. Subtotal | 0 | |
| 25A. | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. | | | | 530 |
| 25B. | Local Standards: housing and utilities; mortgage/rent expenses. Use IRS Standards for your county and family size. Subtract Line b from Line a and ender the difference in Line c. Do not enter any amount less than zero. | a. IRS Standards amount | 2,909 | | |
| | | b. Average Monthly Payment for debts secured by your home, if any, as stated on Line 47 | 0 | | |
| | | c. Net mortgage/rental expense | | | 2,909 |
| 26. | Local Standards: housing and utilities; adjustment. If you contend any additional amount state the basis for your contention in the box to the right. | | | | 0 |
| 27A. | Local Standards: transportation; vehicle operation/public transportation. Enter the number of vehicles (0, 1, or 2) for which you pay or for which expenses are a contribution on Line 7 | Number of vehicles | 2 | | |
| | | Applicable expense allowance | | | 612 |
| 27B. | Local Standards: transportation; additional public transportation expense. | | | | 0 |
| 28. | Vehicle 1: Local Standards; transportation ownership/lease expense. Enter the number of vehicles (1 or 2) for which you claim an ownership/lease expense. Subtract Line b from Line a and enter the difference on Line c. Do not enter less than zero. | Number of vehicles claimed (1 or 2) | 2 | | |
| | | a. IRS First Vehicle Ownership Standard Amt | 512 | | |
| | | b. Average Payment (Line 47) for this vehicle | 233 | | |
| | | c. Net ownership/lease expense for this vehicle | | | 279 |
| 29. | Vehicle 2: Local Standards; transportation ownership/lease expense. Subtract Line b from Line a and enter the difference on Line c. Do not enter less than zero. | a. IRS Second Vehicle Ownership Standard Amt | 200 | | |
| | | b. Average Payment (Line 47) for this vehicle | 0 | | |
| | | c. Net ownership/lease expense for this vehicle | | | 200 |
| 30. | Other Necessary Expenses; taxes. Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. | | | | 1,928 |
| 31. | Other Necessary Expenses; mandatory payroll deductions. Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | | | | 93 |
| 32. | Other Necessary Expenses; life insurance. Enter average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | | | | 53 |
| 33. | Other Necessary Expenses; court-ordered payments. Enter total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. Do not include payments on past due support obligations included in Line 49. | | | | 0 |
| 34. | Other Necessary Expenses; education for employment or for a physically or mentally challenged child. Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | | | 0 |
| 35. | Other Necessary Expenses; childcare. Enter the average monthly amount that you actually expend on childcare. Do not include payments made for children's education. | | | | 0 |
| 36. | Other Necessary Expenses; health care. Enter average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account, in excess of amount claimed on Line 24B. Do not include payments for health insurance listed on Line 39. | | | | 0 |
| 37. | Other Necessary Expenses; telecommunications services. Enter average monthly expenses that you actually pay, other than for basic telephone and cell phones - such as pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents. Do not include any amount previously deducted. | | | | 50 |
| 38. | Total Expenses Allowed Under IRS Standards. Enter the total of Lines 24 through 37. | | | | 8,061 |

Case: 12-55724   Doc# 1   Filed: 07/31/12   Entered: 07/31/12 17:02:54   Page 31 of 33

## Subpart B:  Additional Expense Deductions under Sec. 707(b)  Note: Do not include any expenses that you have listed in Lines 24-37

| | | | |
|---|---|---|---|
| 39. | Health Insurance, Disability Insurance and Health Savings Account Expenses.  List the average monthly amounts that are reasonably necessary for yourself, your spouse, or your dependents. | a.  Health Insurance | 425 |
| | | b.  Disability Insurance | 0 |
| | | c.  Health Savings Account | 0 |
| | | Amount actually spent if different:          Total (a+b+c): | 425 |
| 40. | Continued contributions to the care of household or family members.  Enter the actual monthly expenses you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  Do not include payments listed on Line 34. | | 0 |
| 41. | Protection against family violence.  Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | | 0 |
| 42. | Home energy costs in excess of the allowance specified by the IRS Local Standards.  Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | 0 |
| 43. | Education expenses for dependent children less than 18.  Enter the average monthly expenses that you actually incur, not to exceed $147.92 per child, in providing elementary and secondary education for your dependent children less than 18 years of age.  You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | 0 |
| 44. | Additional food and clothing expense.  Enter the average monthly amount by which your food and clothing exceed the combined allowances for food and apparel in the IRS Standards, not to exceed five percent of those combined allowances.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | 0 |
| 45. | Continued charitable contributions.  Enter the amount you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. Sec. 170(c)(1)-(2), not to exceed fifteen percent of gross income. | | 0 |
| 46. | Total Additional Expense Deductions under Sec. 707(b).  Enter the total of Lines 39 through 45. | | 425 |

## Subpart C:  Deductions for Debt Payment

| | | | | | |
|---|---|---|---|---|---|
| 47. | Future payments on secured claims.  For each of your debts that is secured by an interest in property that you own, provide the specified information.  The Average Monthly Payment is the total of all amounts contractually due to each secured creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  (In brackets:  "1" = Vehicle 1, "2" = Vehicle 2, "h" = residence, "t" = taxes included in payments, and "i" = insurance included in payments.)  (Column "TI" is checked if the payments include payment of taxes or insurance.) | **Name of Creditor** | **Property Securing Debt** | **60-Mo Avg** | **TI** |
| | | Bank of America [t][i] | 1061 Alta Mira Dr #A, Santa Clara | 1,721 | X |
| | | IRS - Insolvency | Tax Lien | 138 | |
| | | Homeowners Assn dues | 1061 Alta Mira Dr #A, Santa Clara | 330 | |
| | | Santa Clara Co FCU [1] | 07 VW GTI | 233 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | Total:  Add lines above and any attachments. | | 2,422 | |
| 48. | Past due payments on secured claims.  If any of the debts listed in Line 47 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. | **Name of Creditor** | **Property Securing Debt** | **60-Mo Avg** | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | | | 0 | |
| | | Total:  Add lines above and any attachments. | | 0 | |
| 49. | Payments on priority claims.  Enter the total of all priority claims (including priority child support and alimony claims), divided by 60. | | | 372 | |
| 50. | Chapter 13 administrative expenses.  Multiply the amount in Line a by the amount in Line b and enter the resulting administrative expense. | a.  Projected average monthly Chapter 13 plan pmt | 850 | |
| | | b.  Current multiplier for your district per EOUST | .075 | |
| | | Average monthly Chapter 13 admin expense | | 64 | |
| 51. | Total Deductions for Debt Payments.  Enter the total of Lines 47 through 50. | | | 2,858 | |

| | | |
|---|---|---|
| 52. | **Subpart D.  Total of all deductions allowed under Sec. 707(b)(2).**  Enter the total of Lines 38, 46, and 51. | 11,344 |

## Part V.   Determination of Disposable Income Under Sec. 1325(b)(2)

| | | |
|---|---|---|
| 53. | Enter the amount from Line 20.    (Current Monthly Income) | 11,656 |
| 54. | Support income.  Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included on Line 7, that you received in accordance with applicable non-bankruptcy law, to the extent reasonably necessary to be expended for such child. | 0 |
| 55. | Qualified retirement deductions.  Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in Sec. 541(b)(7), and (b) all repayments of loans from retirement plans, as specified in Sec. 362(b)(19). | 40 |
| 56. | Total of all deductions allowed under Sec. 707(b)(2).  Enter the amount from Line 52. | 11,344 |

Form 22C  CHAPTER 13 - AMFI    William Bradford Nelms and Cecilia Yolanda Nelms        Page 3 of 4 Pages

| 57. | Deduction for special circumstances. Expenses for which there are no alternatives. Provide documentation and detailed explanations showing that such expenses are necessary and reasonable. | Nature of Special Circumstances | Mo. Cost | |
|---|---|---|---|---|
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | Total: Add lines above and any attachments. | 0 | |
| 58. | Total adjustments to determine Disposable Income. | Add the amounts on Lines 54, 55, 56, and 57, and enter here. | | 11,384 |
| 59. | Monthly Disposable Income Under Sec. 1325(b)(2). | Subtract Line 58 from Line 53 and enter here. | | 272 |

## Part VI. Additional Expense Claims

| 60. | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction, reflecting your average monthly expenses. | | | |
|---|---|---|---|---|
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | | 0 | |
| | | Total: Add lines above and any attachments. | | 0 |

## Part VII. Verification

61.   I declare under penalty of perjury that the information provided in this statement is true and correct. (If this is a joint case, both debtors must sign.)

Dated: 7/31/12

Debtor, William Bradford Nelms

Dated: 7/31/12

Debtor, Cecilia Yolanda Nelms

Case: 12-55724    Doc# 1    Filed: 07/31/12    Entered: 07/31/12 17:02:54    Page 33 of 33